## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALEXANDRA CHAS, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.** |
| | ) | **2:26-cv-5789** |
| v. | ) | |
| | ) | **COMPLAINT** |
| TRANS UNION, LLC, | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | **NON-ARBITRATION** |
| and | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC, | ) | |
| and | ) | |
| OKLAHOMA'S CREDIT UNION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Alexandra Chas, against Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, and Oklahoma's Credit Union (collectively "Defendants"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq., as amended*.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Alexandra Chas is an adult individual residing in the state of New Jersey.

5.       Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA, 19022.

6.       Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7.       Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1550 Peachtree Street, NE, Atlanta, GA 30309.

8.       Defendant Oklahoma's Credit Union ("OKCU") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Pennsylvania, and which has its headquarters located at 3001 N Lincoln Boulevard, Oklahoma City, OK 73105.

## FACTUAL ALLEGATIONS

9.       Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least August 2025 through the present. The inaccurate information pertains to accounts with Defendant OKCU.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of two accounts and/or tradelines for which the Plaintiff has no responsibility, and which are the result of identity theft and fraud.

11.     Defendants Trans Union, Experian, and Equifax (collectively the "CRAs") have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has disputed the inaccurate information with the CRAs to their representatives by following the established procedures for disputing consumer credit information. Plaintiff has disputed the inaccurate information with the CRAs from December 2025 through the present.

13.     Plaintiff has included in her disputes to the CRAs an "identity theft report" as that term is used in 15 U.S.C. § 1681c-2(a).

14.     Notwithstanding Plaintiff's efforts, the CRAs have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and the CRAs continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. The CRAs repeatedly published and disseminated consumer reports to such third parties from at least December 2025 through the present.

15.     Despite Plaintiff's efforts, the CRAs never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and/or (5) performed any handwriting analysis.

16.     Notwithstanding Plaintiff's disputes, OKCU, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the CRAs, has willfully continued to report such inaccurate information to the CRAs, and has failed to mark the above accounts as disputed.

17.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### COUNT I – VIOLATIONS OF THE FCRA
**(Plaintiff v. Trans Union, Experian, and Equifax)**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, the CRAs were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

4

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, the CRAs are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b), 1681i, and 1681c-2.

26. The conduct of the CRAs was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, the CRAs are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
### (Plaintiff v. OKCU)

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, OKCU was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. At all times pertinent hereto, OKCU was a "furnisher" of credit information as defined by the FCRA.

30. OKCU violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31.     OKCU's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result OKCU is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

32.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:     _/s/ Mark Mailman_
MARK MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Dated: August 12, 2026                    *Attorneys for Plaintiff*

6